IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL KAISER and MARGARET J. LOEWEN, on behalf of themselves and Others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASCADE CAPITAL, LLC, and GORDON AYLWORTH & TAMI, P.C.,<br><br>Defendants. | No. 3:16-cv-00744-AC<br><br>OPINION AND ORDER |

**MOSMAN, J.,**

On May 25, 2017, Magistrate Judge John V. Acosta issued his Findings and Recommendation [71], in which he recommended that the Court (1) deny Defendants' Motion to Dismiss [19] pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and (2) grant in part and deny in part Defendants' Motion pursuant to Rule 12(b)(6) for failure to state a claim.

In particular, the Magistrate Judge recommended the Court grant Defendants' Rule 12(b)(6) Motion as to Plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA) §§ 1692d, 1692e(5), 1692e(9), and 1692f(1); as well as Plaintiffs' common-law intentional infliction of emotional distress claim. The Magistrate Judge further recommended the Court deny Defendants' Rule 12(b)(6) Motion as to Plaintiffs' claims under the FDCPA

1 – OPINION AND ORDER

§§ 1692e, 1692e(2); 1692e(10); 1692f. Moreover, the Magistrate Judge recommended the Court find that 15 U.S.C. §§ 1692-1692(p) are not unconstitutionally vague, deny Defendants' Motion to Strike paragraph 18 of First Amended Complaint, and grant Defendants' Motion to Make More Definite and Certain.[1]

On June 28, 2017, Plaintiffs filed Objections to the Magistrate Judge's F&R [80], and, on June 30, 2017, Defendants filed their own Amended Objections [81] to the F&R.[2] Defendants responded [82] to Plaintiff's Objections and, in turn, Plaintiffs responded [83] to Defendants' Objections.

## DISCUSSION

The magistrate judge makes only recommendations to the Court, to which any party may file written objections. The Court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The Court is generally required to make a *de novo* determination regarding those portions of the report or specified findings or recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, *de novo* or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny with which the Court is required to review the F&R depends on whether or not objections have been filed, in either case, the Court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

---

[1] Defendants made their Motion to Strike paragraph 18 of First Amended Complaint and Motion to Make More Definite and Certain in the course of briefing on the Motion to Dismiss.
[2] Defendants originally filed their Objections [78] on June 28, 2017. Those Objections were superseded by Defendants' Amended Objections.

2 – OPINION AND ORDER

Since the Magistrate Judge issued the F&R and the parties filed their Objections, however, this Court adopted the Magistrate Judge's March 27, 2017, Findings and Recommendation [56] in which the Magistrate Judge recommended the Court grant Defendants' Motion to Compel Arbitration [16] on the basis that an arbitrator must first determine whether the claims raised in Plaintiffs' First Amended Complaint are subject to arbitration. *See* Opinion and Order [85] (Jul. 12, 2017). The Court, therefore, stayed Plaintiffs' claims pending completion of the arbitration.

Because Plaintiffs' claims are now stayed pending arbitration, the matters raised in Defendants' Motion to Dismiss [19] are moot. The Court, therefore, DECLINES TO ADOPT the Magistrate Judge's F&R [71] and DENIES Defendants' Motion to Dismiss [19] as moot with leave to renew in the event that the arbitrator concludes Plaintiffs' claims are not subject to arbitration.

IT IS SO ORDERED.

DATED this 31 day of August, 2017.

MICHAEL W. MOSMAN
Chief United States District Judge

3 – OPINION AND ORDER