UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL KAISER and MARGARET
J. LOEWEN, *on behalf of themselves
and others similarly situated*,

                    Plaintiffs,

        v.

CASCADE CAPITAL, LLC, and
GORDON AYLWORTH & TAMI, P.C.,

                    Defendants.

_____

Civ. No.: 03:16-CV-0744-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs Margaret Loewen ("Loewen") and Michael Kaiser ("Kaiser") (collectively,

"Plaintiffs") sued Cascade Capital LLC ("Cascade") and Gordon, Aylworth & Tami, P.C. ("GAT")

(collectively, "Defendants") alleging violations of the Fair Debt Collection Practices Act

("FDCPA"). 15 U.S.C. §§ 1692–1692p (2010). Kaiser's claims are currently stayed pending an arbitration decision on whether the claims are arbitrable. Loewen's claims have been challenged by a motion to dismiss, which this court recommended be granted in part and denied in part. That recommendation was initially adopted by Chief District Judge Michael Mosman but, for reasons set forth *infra*, that opinion was later withdrawn and the question of how to proceed was returned to this court. As explained below, this court again concludes Kaiser's claims are subject to arbitration and that Loewen's claims are not subject to arbitration, and thus recommends that Defendants' motion to dismiss be granted in part and denied in part, without a stay of Loewen's claims in this court.

*Background*

I.      Loewen's Allegations.

Loewen purchased a car in 2007, pursuant to a retail installment contract. (First. Am. Compl., ECF No. 14 ("FAC"), ¶ 16.) Sometime before 2010, Loewen defaulted on the contract, and the car was repossessed. (*Id.*) Cascade hired GAT to collect debts Cascade had previously purchased.[1] (FAC ¶ 15.) On August 3, 2015, GAT sent Loewen a collection letter for payment of the remaining balance of her retail installment contract. (FAC ¶ 17.) Two months later, Defendants filed a lawsuit against Loewen in state court to collect on the debt. (FAC ¶ 19.) Defendants subsequently dismissed the lawsuit against Loewen. (*Id.*)

II.     Kaiser's Allegations.

In 2006, Kaiser also bought a car, likewise pursuant to a retail installment contract. (FAC ¶ 21.) In 2009, Kaiser signed an amended agreement that included an arbitration provision under

---

[1] There is no evidence in the record as to Cascade's purchase of Loewen's or Kaiser's debt. However, the court infers from the pleadings that Cascade purchased the debts, as they are engaged in the business of buying or collecting consumer debts. (FAC ¶ 9.)

which Kaiser agreed to arbitrate "any claim . . . related to" his auto loan. (Findings and Recommendation on Defendants' Motion to Compel Arbitration, ECF No. 56 ("Arbitration F&R") at 2, 8, adopted by Opinion and Order, ECF No. 85.)

Kaiser defaulted on the contract in 2010. (Arbitration F&R at 2; FAC ¶¶ 21–22.) Five years later, Kaiser received a letter from GAT on behalf of Cascade, demanding payment and implying that if he did not pay, Cascade would file suit. (FAC ¶ 22.) Kaiser did not pay, and GAT filed suit in state court in August 2015. (FAC ¶ 23.) The case went to arbitration and Kaiser prevailed, but in the process incurred filing, attorney, and arbitration fees. (*Id.*) The arbitrator denied Kaiser attorney fees, and Kaiser appealed. (Id.) A state court reversed the arbitrator, awarding Kaiser a total judgment of $10,223 against Cascade. (*Id.*)

III.   Common Claims for Relief.

Based on the operative complaint, Loewen and Kaiser jointly assert the same claims for relief. Together, they allege that Defendants' failure to notify Plaintiffs that their respective debts were potentially barred by statute of limitations, along with Defendants' subsequent threatened and initiated legal actions constitute violations of FDCPA. (FAC ¶¶ 27–28.) Loewen also individually claims that Defendants' filing of the lawsuit against her and delivery of a "packet of papers" regarding the debt caused her emotional anxiety. (FAC ¶¶ 18–20.) Kaiser individually alleges Cascade's collection attempt caused his family significant stress and financial hardship. (FAC ¶ 24. Finally, Plaintiffs assert class allegations on behalf of all individuals residing in Oregon and Washington who received a letter or were sued by Defendants "seeking to collect debts arising from retail installment contracts for which no payment has been made . . . for over fours years after default . . . ." (FAC ¶ 30.) Plaintiffs have also filed a motion to certify that class, which remains pending

before this court.  (Plaintiffs' Motion to Certify Class, ECF No. 31.)

*Procedural History*

I.    Motion to Compel Arbitration of Kaiser's Claims.

Defendants moved to compel arbitration of Kaiser's claims.  (Defs.' Mot. to Compel Arbitration (ECF No. 16).)  At issue was whether Kaiser's arbitration agreement went into effect and formed a binding contract.  The court granted that motion, holding that whether Kaiser's arbitration agreement encompasses his FDCPA claims is a matter for the arbitrator to decide.  (Arbitration F&R at 13–14.)  Accordingly, the court stayed the proceedings as to Kaiser's claims against Defendants to allow the arbitrator to make that decision.  (*Id*. at 14.)

II.   Motion to Dismiss Loewen's Claims.

Conversely, Loewen's contract did not subject her to arbitration.[2]  (Defs.' Supp. Resp. to Ct.'s Req. for Clarification, ECF No. 91("Def.'s Supp. Resp."), at 2; Pls.' Supp. Resp. to Ct.'s Req. for Clarification, ECF No. 92 ("Pls.' Supp. Resp."), at 1–2.)  Accordingly, rather than moving to compel arbitration, Defendants moved to dismiss Loewen's claims, both for lack of subject matter jurisdiction and for failure to state a claim.  (Defs.' Mot. to Dismiss, ECF No. 19.)

This court recommended that motion be granted in part and denied in part.  (Findings and Recommendation on Defs.' Mot. to Dismiss Pl. Loewen's Claims, ECF No. 71("Mot. to Dismiss F&R").)  In short, this court concluded that Loewen had standing the bring her claims; that the  four-year statute of limitations under Uniform Commercial Code ("UCC") Article 2, not UCC Article 9's six-year statute of limitations applied to the debt; and that even if the longer period applied, the filing of even a possibly time-barred debt constitutes a violation of the FDCPA.  (*Id*.)

_____

[2] *See* Discussion Section II, *supra*.

III.     Call for Clarification and Supplemental Briefing.

Chief Judge Mosman declined to adopt that Findings and Recommendation, based on the understanding that the stay of Kaiser's claims pending his arbitration rendered moot the matters raised in Defendants' motion to dismiss Leowen's claims. (Minute Order, September 14, 2017, ECF No. 88.) That Order was subsequently withdrawn, however, and the parties were directed to file supplemental briefs to clarify the record concerning:

> 1) The extent to which both Plaintiffs are similarly situated as to the existence and substance of arbitration agreement(s); and

> 2) The extent to which the issues contained in Defendant[s'] Motion to Dismiss Plaintiff Margaret Loewen's Claims [] would apply to Plaintiff Michael Kaiser in the event that the arbitrator determines Kaiser's claims are not subject to arbitration.

(*Id.*)   Chief Judge Mosman then referred that determination back to this court for additional consideration.  (*Id.*)

*Discussion*

I.     Appropriateness of Staying Loewen's Claims.

The parties agree that no stay is warranted and that the court should rule on Defendants' motion to dismiss Loewen's claims.  (Defs.' Supp. Resp. at 5; Pls.' Supp. Resp. at 3–4.)

In determining whether to stay Loewen's case pending the outcome of Kaiser's arbitration, the court must evaluate whether doing so would promote judicial efficiency or prejudice either or both Plaintiffs.   The power to stay proceedings to "abide" concurrent litigation elsewhere "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A district court "can stay any statutory claim that arises out of substantially

the same facts present in an ongoing administrative or arbitral proceeding." *Amaro v. Cont'l Can Co.*, 724 F.2d 747, 752 (9th Cir.1984). The Supreme Court has directed that "in some cases, . . . it may be advisable to stay litigation among [] non-arbitrating parties pending the outcome of [an] arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23 (1983) (citing *Landis,* 299 U.S. at 254–55).

The decision whether to stay a proceeding pending arbitration "is one left to the district court . . . as a matter of its discretion to control its docket." *Id.* That decision "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. Among those competing interests is that of a co-party "who has not agreed to arbitrate[, who] will normally have a right to a court's decision about the merits of its dispute . . . ." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995). The District Court for the District of Columbia refused to grant a stay under circumstances similar to those here, reasoning:

> It is unclear how long the arbitration proceeding will take to complete. Postponing the resolution of the issues raised in this case for some indefinite time does not comport with the efficient and timely judicial resolution of matters before the federal courts. Allowing a case to languish for years on this Court's docket would not serve the interest of this Court or the parties involved. A stay issued prior to the completion of discovery is particularly problematic, as with time evidence may be lost and memories fade.

*DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 31 (D.D.C. 2002).

Though many of the same statutory issues are present in both this lawsuit and Kaiser's arbitration, the facts of Kaiser's allegations, though similar to those of Loewen's allegations, are different. Under *Amaro*, this situation would not necessarily warrant a stay. Further, as both parties rightly note, the arbitrator's decision as to Kaiser will not control the disposition of Loewen's case in this court. Therefore, the motion to dismiss Loewen's claims must be ruled on eventually,

regardless of the outcome of Kaiser's arbitration. And importantly, under *First Options of Chicago*, Loewen, who has not agreed to arbitrate, has a right to this court's decision about the merits of her dispute.

Kaiser initiated the arbitration proceeding with the American Arbitration Association only recently, on September 20, 2017, and as of November 7, 2017, an arbitrator had not yet been assigned to the case. (Defs.' Supp. Resp. at 5; Joint Status Report, November 7, 2017 (ECF No. 93)). Thus, here, like in *DSMC, Inc.,* it is unclear how long the Kaiser arbitration will take to complete. Here too, postponing the resolution of Loewen's claims, not to mention the status of the potential class, particularly before discovery has been completed, does not comport with the efficient and timely adjudication of matters this court ultimately will need to decide however Kaiser's arbitration resolves. Allowing the case to "languish" on the docket would serve none of the parties involved.

The potential for inconsistent results does not outweigh these considerations. Indeed, the Supreme Court has explained that the "misfortune" of subjecting a defendant to disparate results in different venues, "occurs because the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Moses H. Cone Mem'l Hosp*., 460 U.S. at 20 (emphasis in original).

In conclusion, the interests of judicial economy, efficient docket management, and expeditious resolution of the viability of Loewen's claims all favor ruling on Defendants' motion to dismiss at this juncture. Should the arbitrator conclude Kaiser's claims are arbitrable, Kaiser's

claims appropriately may be severed and dismissed from the case. If, on the other hand, Kaiser's claims are deemed non-arbitrable, he may return to the present litigation as either a plaintiff, class member, or class representative, depending on how the case has progressed.

## II.     The Arbitration Agreements.

As to Chief District Judge Mosman's first clarifying question, the Plaintiffs are not similarly situated on the existence or substance of an arbitration agreement. It is undisputed that Loewen, unlike Kaiser, is not subject to any arbitration agreement. (Defs.' Supp. Resp. at 2, Ex. 1; Pls.' Supp. Resp. at 1–2.) Only Kaiser's claims are currently in contention as to arbitration. This distinction is reflected in the current procedural posture of the case: Defendants properly moved to compel arbitration against only Kaiser and moved to dismiss only Loewen's claims.

## III.     Similarity of Issues.

Second, the core questions raised in Defendants' motion to dismiss Loewen's claims, as detailed in this court's Findings and Recommendation, ECF No. 71, apply equally to Kaiser's claims: (1) which statute of limitations applies and (2) whether Defendants' failure to disclose that the debts in question were potentially time barred constitutes a violation of the FDCPA. That is, the Plaintiffs are similarly situated as to the elements necessary to state a claim under the FDCPA.

The nature and extent of Kaiser and Loewen's injuries differ, but only slightly. Kaiser's alleged damages are similar to Loewen's, but also include the economic damages he incurred in defending against and arbitrating the collection lawsuit. Additionally, based on the complaint, it appears Loewen, but not Kaiser, also seeks damages for emotional distress. Neither of those differences is relevant, however, to the primary standing issue raised in the case, as described in this court's Findings and Recommendations on Defendants' motion to dismiss. *See* Mot. to Dismiss

F&R at 9.

Defendants also contend, without specification, that "the different facts involved with each case cause the two Plaintiffs to be subject to different defenses." (Defs.' Supp. Resp. at 4.) Based on Defendants' brief in response to Plaintiffs' motion to certify the class, it appears Defendants refer to the fact that the Plaintiffs are subject to "different contract terms and [] different circumstances of their contract formation." (Defs.' Resp. to Pls.' Mot. to Certify Class, ECF No. 44, at 3.) These factual distinctions have little bearing on the judicial efficiency considerations and Loewen's right to have her case decided expeditiously, discussed *supra* in Discussion Section I.

## Conclusion

For the reasons set forth above, the court declines to stay the present action and recommends proceeding on Loewen's claims. In accordance with the court's September 14, 2017 Order, ECF No. 88, and unopposed by the parties, the court therefore should again take under advisement this court's May 25, 2017 Findings and Recommendation, ECF No. 71, the conclusions of which remain unchanged.

## Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **December 19, 2017.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this Fourth day of December, 2017.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge