IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL KAISER and MARGARET J. LOEWEN, on behalf of themselves and others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**CASCADE CAPITAL, LLC, and GORDON AYLWORTH & TAMI, P.C.,**<br><br>Defendants. | No. 3:16-cv-00744-AC<br><br>OPINION AND ORDER |

**MOSMAN, J.**,

On May 25, 2017, Magistrate Judge John V. Acosta issued his Findings and Recommendation [71] ("F&R"), in which he recommended that the Court (1) deny Defendants' Motion to Dismiss [19] pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and (2) grant in part and deny in part Defendants' Motion pursuant to Rule 12(b)(6) for failure to state a claim.

In particular, the Magistrate Judge recommended the Court grant Defendants' Rule 12(b)(6) Motion as to Plaintiff Margaret J. Loewen's claims under the Fair Debt Collection Practices Act (FDCPA) §§ 1692d, 1692e(5), 1692e(9), and 1692f(1); as well as Loewen's

1 – OPINION AND ORDER

common-law intentional infliction of emotional distress (IIED) claim. The Magistrate Judge further recommended the Court deny Defendants' Rule 12(b)(6) Motion as to Loewen's claims under the FDCPA §§ 1692e, 1692e(2); 1692e(10); 1692f. Moreover, the Magistrate Judge recommended the Court find that the FDCPA is not unconstitutional, deny Defendants' Motion to Strike paragraph 18 of First Amended Complaint (FAC), and grant Defendants' Motion to Make More Definite and Certain.[1]

On June 28, 2017, Loewen filed Objections [80] to the Magistrate Judge's F&R, and, on June 30, 2017, Defendants filed their own Amended Objections [81] to the F&R.[2] Defendants responded [82] to Loewen's Objections and, in turn, Loewen responded [83] to Defendants' Objections.

On September 14, 2017, this Court directed the parties to clarify the record as to the relationship between the claims of Plaintiffs Kaiser and Loewen and for the Magistrate Judge to consider whether, in light of that clarification, this Court should proceed on the litigation of the Loewen's claims while Kaiser's claims were stayed pending arbitration.

On December 19, 2017, the Magistrate Judge issued an Amended F&R [99] in which he memorialized the parties' clarification of the record as to the relationship between Plaintiffs' respective claims and recommended the Court proceed to consider Loewen's claims, including the original F&R [71]. No party filed any objection to the Magistrate Judge's Amended F&R [99]. After review of the record the Court agrees with the Magistrate Judge's findings and recommendations contained in the Amended F&R, and, therefore, the Court ADOPTS the

---

[1] Defendants made their Motion to Strike paragraph 18 of the FAC and Motion to Make More Definite and Certain in the course of briefing on the Motion to Dismiss.
[2] Defendants originally filed their Objections [78] on June 28, 2017. Those Objections were superseded by Defendants' Amended Objections.

Magistrate Judge's Amended F&R [99] and proceeds to consideration of the original F&R [71] together with the parties' Objections thereto.

For the reasons that follow, the Court ADOPTS in part and DECLINES TO ADOPT in part the Magistrate Judge's F&R [71]. The Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss [19] for Failure to State a Claim. The Court denies Defendants' Motion insofar as it is based on Rule 12(b)(1). The Court grants in part Defendants' Motion insofar as it seeks dismissal of Plaintiff's FAC pursuant to Rule 12(b)(6), but denies in part Defendants' Rule (12)(b)(6) Motion to the extent that it seeks dismissal of Loewen's claims with prejudice. The Court DENIES Defendants' Motion to Strike and GRANTS Defendants' Motion to Make More Definite and Certain.

The Court, therefore, DISMISSES Loewen's FAC [14] without prejudice pursuant to Rule 12(b)(6) with leave to amend in the event that Loewen can allege in good faith facts sufficient to address the pleading deficiencies identified in this Opinion and Order and in those portions of the F&R that the Court adopts.

## STANDARD

The magistrate judge makes only recommendations to the Court, to which any party may file written objections. The Court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The Court is generally required to make a *de novo* determination regarding those portions of the report or specified findings or recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, *de novo* or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d

1114, 1121 (9th Cir. 2003). While the level of scrutiny with which the Court is required to review the F&R depends on whether or not objections have been filed, in either case, the Court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Defendants and Loewen each object to the Magistrate Judge's F&R on several bases. Accordingly, the Court considers the parties' objections in turn.

**I.     Article III Standing**

Defendants object to the Magistrate Judge's finding that Loewen has standing to bring her FDCPA claims under Article III of the United States Constitution.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) *as revised* (May 24, 2016). Plaintiff bears the burden of proof and must "'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). An injury in fact is one that is (a) concrete and particularized and (b) actual or imminent. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). For an injury to be particularized it "'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1).

The parties' dispute centers on whether Loewen's injury was sufficiently "concrete" to confer Article III standing. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* "'Concrete' is not, however, necessarily synonymous with 'tangible.'" *Id.* at 1549. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Id.* Because "Article III standing requires a concrete injury

even in the context of a statutory violation," a "bare procedural violation" does not meet Article III standing requirements. *Id.* at 1549–50. A sufficiently strong risk of harm, however, can satisfy the requirement of concreteness. *Id.*

In *Spokeo*, the Supreme Court concluded the Ninth Circuit erred when it did not analyze the concreteness requirement separately from the particularity requirement. *Id.* at 1545. Accordingly, the Supreme Court remanded to the Ninth Circuit for further analysis of the standing issues in light of the Supreme Court's further explanation of the concreteness requirement. *Id.* at 1550.

On remand, the Ninth Circuit explained "while [a plaintiff] may not show an injury-in-fact merely by pointing to a statutory cause of action, the Supreme Court also recognized that *some* statutory violations, alone, do establish concrete harm." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017) (emphasis in original). The Ninth Circuit adopted the standard articulated by the Second Circuit: "'[A]n alleged procedural violation [of a statute] can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a risk of real harm to that concrete interest.'" *Id.* (quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016)). Pursuant to that standard, the Ninth Circuit assessed the plaintiff's allegations under the following framework: "(1) whether the statutory provisions at issue were established to protect his concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.*

The Magistrate Judge found "Congress elevated to the status of a legally cognizable injury violation of a consumer's 'right not to be the target of misleading debt collection

communications,'" but noted the "misleading communication must be material." F&R [71], at 9 (quoting *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1116 (9th Cir. 2014)). The Magistrate Judge found the allegations in this case met that standard and, therefore, concluded Loewen had Article III standing to pursue her FDCPA claims. Although the Court finds the standard that the Magistrate Judge applied to be similar to the standard the Ninth Circuit articulated in *Robins* (which the Ninth Circuit issued after the Magistrate Judge issued the original F&R), the Court comments additionally only to make clear that Loewen's allegations also meet the specific standard articulated in *Robins*.

Plaintiff's factual allegations relevant to her FDCPA claims are relatively straightforward. The Magistrate Judge summarized those allegations as follows:

> Loewen bought a car from McMullin Chevrolet Pontiac Inc. ("McMullin") on December 6, 2007. (First. Am. Compl. ("FAC"), ECF No. 14, ¶ 16.) Loewen signed a retail installment contract that stated McMullin would sell the contract to Drive Financial Services. (*Id.*) Sometime before January 31, 2010, Loewen defaulted on the contract and the car was repossessed. (*Id.*)
>
> Cascade hired GAT to collect debts Cascade had previously purchased.[3] (FAC ¶ 15.) On August 3, 2015, GAT sent Loewen a collection letter for payment of the remaining $3,325.16 of her retail installment contract. (FAC ¶ 17.) GAT implied Cascade would file a lawsuit if Loewen did not pay her debt. (*Id.*)
>
> On October 29, 2015, Defendants filed a lawsuit against Loewen in state court to collect on the debt. (FAC ¶ 19). Loewen sought the help of a bankruptcy attorney because she feared her government benefits would be taken away. (*Id.*) The bankruptcy lawyer dissuaded Loewen from filing bankruptcy because Loewen was "judgment proof." (*Id.*) The bankruptcy attorney contacted Defendants on December 21, 2015. (*Id.*) On February 25, 2016, Defendants dismissed the lawsuit against Loewen. (*Id.*)
>
> Loewen subsequently sued Defendants claiming that Defendants' filing of a time-barred lawsuit was a violation of the FDCPA. (FAC ¶ 27-28.) Loewen further claims that the filing of the lawsuit caused her anxiety. (FAC ¶ 20). Loewen claims that Defendants

---

[3] "GAT" refers to Defendant Gordon, Aylworth & Tami, PC. "Cascade" refers to Defendant Cascade Capital, Inc., whom the Magistrate Judge inferred subsequently purchased Loewen's debt. *See* F&R [71], at 2 n.1. The parties do not object to this inference.

production of a "packet of papers" regarding the debt caused her additional anxiety. (FAC ¶ 18.)

F&R [71], at 2–3. Loewen contends Defendants' communications to her were materially misleading because the statute of limitations had run on Loewen's debt and, therefore, it was legally unenforceable. *See* FAC ¶ 16.

The Court finds these allegations sufficient to meet the test set out in *Robins*. As noted, the only issue in dispute as to Article III standing is whether Loewen has alleged an injury-in-fact that is sufficiently concrete. As the Magistrate Judge observed, the Ninth Circuit has found the FDCPA was enacted to protect individuals from being "the target of misleading debt collection communications." *Tourgeman*, 755 F.3d at 1116; *see also Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938–39 (9th Cir. 2007) ("The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment, and deceptive collection practices."). In particular, "Congress was concerned with disruptive, threatening, and dishonest tactics," including "'threats of violence, telephone calls at unreasonable hours [and] misrepresentation of a consumer's legal rights.'" *Guerrero*, 499 F.3d at 938 (quoting S. Rep. 95–389, at 2 (1977)). Assuming for the sake of this issue that the debt was, in fact, unenforceable because it was time-barred, a representation in Defendants' communications to Loewen that the debt was legally enforceable would be the type of misleading communication that Congress sought to prohibit in the FDCPA.[4] Accordingly, the Court finds Loewen's allegations satisfy the first prong of the test articulated in *Robins*.

---

[4] The Court does not address in the standing analysis the sufficiency of Loewen's pleadings regarding whether Defendants' communications were, in fact, misleading or otherwise violated the FDCPA. That issue is more squarely presented in Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

The Court, though, must still determine whether the second prong of the *Robins* test is satisfied; *i.e.*, whether "the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Robins*, 867 F.3d at 1113. In this case, the only basis on which to find actual harm would be Loewen's allegation that Defendants' communications and the resulting legal proceedings caused her anxiety. Allegations that an allegedly unlawful action caused an individual to experience anxiety can be sufficient to establish injury-in-fact. *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141–42 (9th Cir. 2010). Accordingly, Loewen's allegations of anxiety caused by Defendants' allegedly misleading communications and the filing of the lawsuit against her are sufficient to establish a concrete injury-in-fact in their own right.

The Court also notes, however, that Loewen has sufficiently alleged that Defendants' actions created a sufficient risk of harm to constitute a concrete injury-in-fact. Although Loewen did not incur any expenses or pay a portion of the debt (the latter of which, as the Magistrate Judge noted, could have caused Loewen to unknowingly waive a statute-of-limitations defense) as a result of Defendants' actions, misleading communications concerning the enforceability of a debt create a substantial risk that such harms will occur, especially when viewed through the lens of the "least sophisticated debtor" as required by the FDCPA. *See Tourgeman*, 755 F.3d at 1117–18. These are precisely the types of risks that flow from the "'misrepresentation of a consumer's legal rights'" that Congress sought to address in the FDCPA. *Guerrero*, 499 F.3d at 938 (quoting S. Rep. 95–389, at 2 (1977)). Accordingly, the Court also concludes Defendants' alleged actions created a sufficient risk of harm as contemplated by the FDCPA to constitute a concrete injury-in-fact under the test the Ninth Circuit articulated in *Robins*.

With this additional comment, therefore, the Court adopts the Magistrate Judge's recommendation that the Court deny Defendants' Motion to Dismiss [19] pursuant to Rule 12(b)(1) insofar as Defendants contend Loewen lacks Article III standing to bring her FDCPA claim.

## II. Merits of Defendants' Rule 12(b)(6) Motion

Both parties object to portions of the Magistrate Judge's F&R in which he addressed the merits of Defendants' Motion to Dismiss Loewen's FDCPA claims pursuant to Rule 12(b)(6).

### A. Defendants' Objections

Defendants object to the Magistrate Judge's rulings on the merits of their Rule 12(b)(6) Motion on three bases: (1) Defendants contend the Magistrate Judge should not have addressed which statute of limitations applied to Loewen's debt, and, even if the Magistrate Judge should have decided that issue, erroneously concluded a four-year statute of limitations applied; (2) Defendants assert the Magistrate Judge erred when he determined attempts to collect an arguably time-barred debt can give rise to claims under the FDCPA; and (3) Defendants argue if the FDCPA applies to the conduct alleged in this case, then the FDCPA violates their First Amendment rights and is unconstitutionally vague under the Fifth Amendment.[5]

#### 1. *The Applicable Statute of Limitations*

As noted, Defendants first contend the Magistrate Judge should not have determined which statute of limitations applied to Loewen's debt. In the alternative, Defendants contend the Magistrate Judge erroneously concluded a four-year statute of limitations applied to Loewen's

---

[5] In their briefing Defendants made a Motion to Strike paragraph 18 from Loewen's FAC and a Motion to Make More Definite and Certain. After reviewing the record, the Court adopts the Magistrate Judge's F&R as to these Motions. The Court, therefore, denies Defendants' Motion to Strike and grants Defendants' Motion to Make More Definite and Certain.

9 – OPINION AND ORDER

debt, and instead should have concluded a six-year statute of limitations applied to the legal enforcement of Loewen's debt.

The Magistrate Judge analyzed the applicable statute of limitations because Defendants moved to dismiss Loewen's FDCPA claims on the basis that Loewen's debt was at least arguably not time-barred. Because Defendants had at least an arguable basis in law to believe the debt was legally enforceable, Defendants contended, neither their communications with Loewen nor their filing of a lawsuit to enforce the debt violated the FDCPA.

In order to fully assess Defendants' argument, however, the Magistrate Judge needed to conduct at least some analysis of which statute of limitations applied. If, for example, the Magistrate Judge concluded a six-year statute of limitations applied to Loewen's debt, Defendants would clearly be entitled to dismissal of Loewen's claims because the collection letters would not have been misleading and the lawsuit would have been properly filed. The Court, therefore, does not find it to be error for the Magistrate Judge to have conducted that analysis of the statute-of-limitations issues in the most straightforward manner – by assessing the relevant legal principles and determining which statute of limitations applied to the legal enforcement of Loewen's debt.

Defendants also assert the Magistrate Judge should not have reached the statute-of-limitations issues because Loewen's Amended Complaint did not adequately plead facts necessary to raise those issues. Plaintiffs' FAC contains the following allegations specific to Loewen:

> 16. On December 6, 2007, Loewen signed a retail installment contract with McMullin Chevrolet Pontiac Inc. to purchase a car for personal use. The retail installment contract asserted that McMullin Chevrolet Pontiac Inc. would sell the contract to Drive Financial Services. Loewen made the payments as required. In February of 2009 she had an auto accident. That accident prevented her from working full time. Sometime before January 31, 2010, Loewen defaulted on the contract. The car was repossessed early in

2010, maybe January 2010. She was not contacted by the creditor after February 2010. She did not make any more payments on the retail installment contract.

17. On August 3, 2015, more than four years after the contract went into default, Loewen received a collection letter from GAT on behalf of Cascade that demanded payment of $3325.16 and implied that Cascade would file suit. That letter did not disclose to Loewen that the debt was time barred. She did not know the debt was time barred. She called GAT to find out what was going on and to tell them she could not make payments. She did not know that they could not take her Social Security Disability Insurance or her Veteran's Disability income. She was concerned that defendants would take her money. Because she lived on a fixed income and did not have any disposable income the lawsuit caused her anxiety.

18. In response, GAT sent her a packet of papers, presumably related to the debt on September 11, 2015[,] in an attempt to validate the debt. That additional paperwork caused her more anxiety[.]

19. On October 29, 2015, more than four years after the contract went into default defendants filed suit in Marion County seeking $3,325.16. That lawsuit was captioned Cascade Capital LLC v Margaret J. Loewen 15cv29336. Loewen was served with a copy of the lawsuit at her apartment on November 21st[, ]2015. At that point, she became concerned that defendants were serious about collecting the debt and that if they garnished her she would not be able to pay her rent or other necessary living expenses. She checked into filing for bankruptcy protection and was discouraged from that route as she was "judgment proof." Loewen attempted to speak to a lawyer about the matter but was unable to pay the consultation fee. Gear contacted defendants, around December 21, 2015. The lawsuit was dismissed on February 25th, 2016.

20. The filing of a time barred lawsuit caused Loewen anxiety and when she learned it should not have been filed she felt that the lawsuit was harassing, unfair, deceptive, and an abuse of the legal system and caused her anger and the feeling that she was being taken advantage of because she was unaware of the statute of limitations.

FAC [14], at ¶¶ 16–20.

Although the Court agrees with the Magistrate Judge's observation that Loewen's allegations could be clearer in some respects, a commonsense reading of Loewen's allegations reveals: (1) Loewen originally purchased the vehicle from McMullin pursuant to a retail installment transaction with the seller (and its successors) retaining a security interest in the vehicle; (2) Loewen defaulted on that contract and, as a result, the vehicle was repossessed; (3) more than four years after the default and repossession of the vehicle, Defendants sent to

Plaintiff communications in which Defendants attempted to collect the remainder of the debt owed under the retail installment contract; and (4) more than four years after the default and repossession of the vehicle Defendants filed a lawsuit in order to enforce the remaining debt. It is also obvious from Loewen's allegations that she contends a four-year statute of limitations applied to the debt.[6] The Court, therefore, finds Plaintiff alleged sufficient facts to raise the statue-of-limitations issues that the Magistrate Judge addressed. Accordingly, the Court proceeds to consider the Magistrate Judge's analysis of the statute-of-limitations issue and Defendants' objection thereto.

The parties do not dispute the Magistrate Judge's framing of the statute-of-limitations issue: "whether collecting on deficiency of a retail installment contract most closely relates to collection on the contractual obligation or the security portion of the transaction." F&R [71], at 11. If it is the former, the Magistrate Judge found and the parties agree that the relevant statute of limitations is four years under Article 2 of the Uniform Commercial Code. *See Or. Rev. Stat.* § 72.7250. If it is the latter, however, the Magistrate Judge noted and the parties agree that the relevant statute of limitations is six years pursuant to Article 9 of the Uniform Commercial Code. *See Or. Rev. Stat.* § 12.080.

The Magistrate Judge first pointed out that this precise issue has not been decided by Oregon courts in any published decision. The Magistrate Judge proceeded to find Oregon courts would apply the four-year statute of limitations applicable to Article 2. Defendants contend the Magistrate Judge erred when he found the four-year statute of limitations in Article 2 applies, and instead should have concluded the six-year statute of limitations applicable to Article 9 is applicable to the legal enforcement of Loewen's debt.

---

[6] The Court notes, however, this is a legal conclusion that is not entitled to any assumption of truth at this stage of the proceedings.

12 – OPINION AND ORDER

After reviewing the record and the relevant caselaw, the Court adopts the Magistrate Judge's conclusion that Oregon courts would hold the four-year statute of limitations applies to an action to recover the deficiency on a retail-installment contract after the security interest has been repossessed. *See Chaney v. Fields Chevrolet Co.*, 503 P.2d 1239, 1241 (Or. 1972) (noting "an action for part of the purchase price is more closely related to the sale portion of the contract than it is to the security portion," while distinguishing an action for a deficiency from an action for a surplus, which is "more closely related to the security aspects of the contract.").

The Court also adopts the Magistrate Judge's implied conclusion that the applicable statute of limitations was subject to reasonable debate at the time Defendants sent to Plaintiff the allegedly misleading communications and filed their action to obtain the deficiency. The Court emphasizes this particular issue has not been addressed in any published decision from an Oregon court, and that although the majority of courts in other states have found the statute of limitations contained in Article 2 applies to such deficiency actions, authority is not unanimous on this point. *See, e.g.*, *Suntrust Bank v. Venable*, 791 S.E.2d 5, 8 (Ga. 2016) (applying the Article 2 statute of limitations); *DaimlerChrysler Servs. N. Am, LLC. v. Ouimette*, 830 A.2d 38, 41–42 (Vt. 2003) (collecting cases and applying the Article 2 statute of limitations); *First Nat. Bank in Albuquerque v. Chase*, 887 P.2d 1250, 1250–53 (N.M. 1994) (applying the Article 2 statute of limitations); *but see N. Carolina Nat. Bank v. Holshouser*, 247 S.E.2d 645, 647 (N.C. Ct. App. 1978) (applying the Article 9 statute of limitations).

Accordingly, on this record the Court overrules Defendants' objections to the F&R on the basis of the Magistrate Judge's findings regarding the applicable statute of limitations, and adopts the Magistrate Judge's F&R in this respect.

## 2. *Collection of an Arguably Enforceable Debt*

As noted, Defendants next contend the Magistrate Judge incorrectly concluded an attempt to collect a debt that is arguably barred by the statute of limitations can constitute a violation of the FDCPA. Defendants note "[t]he primary issue raised by the Findings and Recommendation is whether it is 'misleading' or 'unfair' under the FDCPA to communicate about a potential lawsuit without also affirmatively stating that a possible statute of limitations defense may exist." Defs.' Am. Objs. [81], at 15.

The Court declines to adopt the Magistrate Judge's finding that Loewen's allegations established a potential violation of the FDCPA sufficient to withstand Defendants' challenge pursuant to Rule 12(b)(6). The Ninth Circuit has not addressed the contours of a debt collector's obligations under the FDCPA when attempting to collect an arguably or clearly time-barred debt. The Fifth Circuit summarized the conflict among the circuits as to whether a collection letter offering "settlement" of a time-barred debt can violate the FDCPA:

> There is an apparent conflict in the circuits as to whether a collection letter offering "settlement" of a time-barred debt can violate the FDCPA if the debt collector does not disclose the debt's unenforceability or expressly threaten litigation. The Third and Eighth Circuits have stated that "[i]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." On the other hand, the Sixth and Seventh Circuits have held that collection letters offering to settle time-barred debts without disclosing the status of the debt can be misleading and therefore violate the FDCPA even if they do not expressly threaten litigation.

*Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511–12 (5th Cir. 2016) (internal citations omitted). Although the issue the Fifth Circuit addressed in *Daugherty* does not appear to be exactly the same as the issues presented in this case, the discussion in *Daugherty* highlights the factual particularities necessary to conduct a legal analysis as to whether a debt collector's attempts to collect a potentially time-barred debt violate the FDCPA. The contents of the

communications that Defendants sent to Loewen, therefore, are an indispensable part of the analysis.

Loewen's allegations in her FAC are insufficient to state a plausible claim of entitlement to relief under the FDCPA. Loewen's only allegations regarding the contents of Defendants' communications are that Defendants' initial letter "demanded payment of $3325.16 and implied that Cascade would file suit," and that they "did not disclose to Loewen that the debt was time barred." FAC [14], at ¶ 17. Those two allegations together with Loewen's allegation that Defendants ultimately filed a lawsuit to enforce the debt constitute the substance of Loewen's allegations on the merits of her FDCPA claims.

First, the Court finds it need not accept as true Loewen's allegation that Defendants, in their initial letter, "implied that Cascade would file suit" because it is a conclusory allegation drawn from otherwise ascertainable facts that are not set out in the FAC. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (noting the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact"). Loewen's assertion in her FAC that Defendants "implied" they would file a lawsuit to enforce the debt is an inference that Loewen draws from a potentially broad range of facts that are unknown to the Court. Although the Court may be required to draw that inference in the context of a Rule 12(b)(6) motion if the factual allegations establish a basis for the Court to find it is reasonable, the FAC does not contain the facts necessary to make that determination. Accordingly, on this record the Court cannot credit Loewen's inference that Defendants' communications with Loewen contained an implied threat to file a lawsuit.

Second, the allegation that Defendants did not inform Loewen that the debt was time-barred in either the collection letter or the follow-up "packet of papers" does not establish that

the communications were misleading or otherwise violated of the FDCPA. Because Defendants could argue in good faith that the debt was not time-barred under Oregon law at the time that they sent the communications, Defendants were under no affirmative obligation to inform Loewen that enforcement of the debt was time-barred. Although Loewen argues Defendants had an obligation to advise her that the debt *may* be time-barred, Loewen's allegations do not establish that Defendants failed to meet that obligation or that they otherwise misrepresented the legal enforceability of the debt. Accordingly, Loewen's allegation that Defendants did not inform her that the debt was time-barred does not establish a plausible claim of entitlement to relief under the FDCPA.

Finally, Defendants filing of a lawsuit to enforce the debt by itself also does not establish a plausible claim of liability. Nothing in the FDCPA precludes a debt collector from filing a lawsuit when it has a good-faith basis to believe that it is, in fact, entitled to the legal relief that it seeks. Where, as here, a debt collector's claim of entitlement to legal relief rests on an open question of state law, the filing of a lawsuit to obtain that relief does not by itself establish any plausible violation of the FDCPA.

On this record, therefore, Loewen's allegations in her FAC are merely "consistent with" Defendants' liability, but "'stop[] short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Accordingly, the Court declines to adopt the Magistrate Judge's recommendation that the Court deny in part Defendants' Motion to Dismiss insofar as Defendants move to dismiss Loewen's FAC pursuant to Rule 12(b)(6). The Court, instead, grants that Motion and dismisses Loewen's FAC without prejudice and with leave to amend if Loewen

can allege in good faith nonconclusory facts that remedy the deficiencies identified in this Opinion and Order.[7]

In summary, the Court concludes Loewen must amend her FAC to remedy two pleading deficiencies. First, if Loewen intends to rely on an implied threat of litigation as a basis for her FDCPA claims, she must allege facts from which the Court can reasonably draw the inference that Defendants implied in their communications that they would file a lawsuit if Loewen did not pay the debt. Second, Loewen must allege facts from which the Court can conclude Defendants misrepresented or did not disclose the potential that the legal enforcement of the debt may be time-barred. If Loewen remedies these pleading deficiencies, the Court will then be able to determine whether Loewen's allegations as a whole establish a plausible claim of entitlement to relief under the FDCPA.

### 3. *Constitutionality of the FDCPA*

As noted, Defendants next contend the FDCPA, if applied to their alleged conduct in this case, would violate their First Amendment right to seek redress in courts and would be unconstitutionally vague.

In light of the pleading deficiencies identified in Loewen's FAC, the Court concludes it would be premature to address the constitutional issues raised by Defendants. The Court cannot address the constitutionality of the application of a statute before the legal issues relating to the statute's applicability have been properly framed.

---

[7] In their Motion to Dismiss Defendants contend the Court should dismiss Loewen's FAC with prejudice. Because the Court concludes Loewen may be able to state a claim under the FDCPA if she is permitted an opportunity to amend her FAC, the Court dismisses Plaintiff's FAC without prejudice and with leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave [to amend] when justice so requires."). Accordingly, the Court denies in part Defendants' Motion insofar as Defendants seek dismissal with prejudice.

Accordingly, on this basis the Court declines to adopt the Magistrate Judge's finding that the FDCPA is not unconstitutionally vague and that the FDCPA does not unconstitutionally infringe Defendants' right to seek redress from courts. The Court grants Defendants leave to re-raise these issues if Loewen files a second amended complaint that Defendants move to dismiss.

### B. Loewen's Objections

Loewen objects to the Magistrate Judge's findings that Loewen failed to state a claim under 15 U.S.C. § 1692d and § 1692e(5).

After reviewing the record and Loewen's objections, the Court adopts that portion of the F&R in which the Magistrate Judge recommended the Court grant in part Defendants' Motion pursuant to Rule 12(b)(6) as to Loewen's claims under § 1692d and § 1692e(5). The Court, however, dismisses those claims without prejudice and with leave to amend if Loewen can allege in good faith facts that remedy the deficiencies set out by the Magistrate Judge.

## III. Availability of Damages for Emotional Distress

Loewen also objects to the portion of the F&R in which the Magistrate Judge construed Loewen's assertion of entitlement to damages based on emotional distress as a standalone claim for IIED. So construed, the Magistrate Judge dismissed Loewen's claim for IIED pursuant to Rule 12(b)(6). Loewen contends she did not raise a standalone IIED claim, but rather asserted emotional distress as a basis for actual damages under her FDCPA claims. Defendants agree with Loewen's analysis.

After reviewing the record, the Court agrees with the parties and declines to adopt that portion of the F&R in which the Magistrate Judge dismissed a claim for IIED.

## CONCLUSION

For these reasons, the Court ADOPTS in part and DECLINES TO ADOPT in part the Magistrate Judge's F&R [71]. The Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss [19] for Failure to State a Claim. The Court denies Defendants' Motion insofar as it is based on Rule 12(b)(1). The Court grants in part Defendants' Motion insofar as it seeks dismissal of Loewen's FAC pursuant to Rule 12(b)(6), but denies in part Defendants' Rule (12)(b)(6) Motion to the extent that it seeks dismissal of Loewen's claims with prejudice. The Court also DENIES Defendants' Motion to Strike and GRANTS Defendants' Motion to Make More Definite and Certain.

The Court, therefore, DISMISSES Loewen's FAC [14] without prejudice pursuant to Rule 12(b)(6) with leave to amend in the event that Loewen can allege in good faith facts sufficient to address the pleading deficiencies identified in this Opinion and Order and in those portions of the F&R that the Court adopts.

IT IS SO ORDERED.

DATED this __28__ day of March, 2018.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge