UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL KAISER and MARGARET
J. LOEWEN, *on behalf of themselves
and others similarly situated*,

Case No. 3:16-cv-00744-AC

FINDINGS AND
RECOMMENDATION

Plaintiffs,

v.

CASCADE CAPITAL, LLC, and
GORDON AYLWORTH & TAMI, P.C.,

Defendants.

_____

ACOSTA, Magistrate Judge:

*Introduction*

    Plaintiffs Michael Kaiser ("Kaiser") and Margaret Loewen ("Loewen") (collectively,

"Plaintiffs") sue Cascade Capital LLC ("Cascade") and Gordon, Aylworth & Tami, P.C. ("GAT")

(collectively, "Defendants"), alleging multiple violations of the Fair Debt Collection Practices Act

PAGE 1 - FINDINGS AND RECOMMENDATION

("FDCPA").   Presently before the court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion").  (ECF No. 117.)  For the reasons set forth below, the court recommends that the Motion be granted in part and denied in part.

*Factual Background*[1]

In 2006, Kaiser bought a car pursuant to a retail installment contract.  (SAC ¶ 26.)  He defaulted on the loan, and in 2011, the car was repossessed and sold.  (*Id.* at ¶¶ 26-27; Ex. 3, ECF No. 105-3.)  On July 15, 2015, Kaiser received a letter (the "Kaiser Letter") from GAT on behalf of Cascade seeking payment of the remaining balance of the retail installment contract, a sum of $5,704.40.  (*Id.* at ¶ 27; Suppl. Resp. Ex. 4, ECF No. 137.)

Kaiser did not pay, and GAT filed a collection suit in state court on August 27, 2015.  (SAC ¶ 28.)  Kaiser retained counsel and filed an answer to the suit, asserting the applicable statute of limitations barred the action.  (*Id.*)  Kaiser's collection case was sent to court-annexed arbitration. (*Id.* at ¶ 29.)  In January 2016, Kaiser moved for a summary award on the basis that the collection action was time-barred under Oregon Revised Statutes ("ORS") § 72.7250, which provides a four-year statute of limitations for breach of sales contract actions.  (*Id.*)  Cascade responded that ORS § 12.080 applied, which provides a six-year statute of limitations, and therefore the suit was timely filed.  (*Id.*)  An arbitrator ruled in Kaiser's favor on March 28, 2016.  (*Id.*)  Cascade did not appeal the arbitrator's March 2016 decision.  (*Id.* ¶ 30.)  Kaiser claims Defendants' conduct caused him "anxiety, stress, upset, anger and frustration and burdened his family with unnecessary expenses at a time of financial difficulty."  (*Id.* at ¶ 33.)

In 2007, Loewen purchased a car pursuant to a retail installment contract.  (Second Am.

---

[1] The following facts are either undisputed or viewed in the light most favorable to Plaintiffs.

PAGE 2 - FINDINGS AND RECOMMENDATION

Compl. ("SAC"), ECF No. 105, ¶ 20.) Sometime before 2010, Loewen defaulted on the loan and, in early 2010, the car was repossessed. (*Id.*) Cascade hired GAT to collect Loewen's debt. (*Id.* at ¶ 16.) On August 3, 2015, GAT sent Loewen a collection letter (the "Loewen Letter") seeking payment of the remaining balance of her retail installment contract, a sum of $3,325.16. (*Id.* at ¶ 21, Ex. 1, ECF No. 105-1.) In September 2015, GAT sent Loewen "a packet of papers, presumably related to the debt." (*Id.*)

On October 22, 2015, GAT filed a collection lawsuit on behalf of Cascade against Loewen in state court to recover the debt. (*Id.* at ¶ 22.) The litigation continued until February 25, 2016, when Cascade voluntarily dismissed the suit. (*Id.*)

*Procedural Background*

This case has a somewhat lengthy procedural history. In April 2016, Loewen and Kaiser jointly filed this lawsuit in federal court, alleging Defendants violated the FDCPA by sending them collection letters and filing lawsuits to collect on time-barred debts. In their First Amended Complaint ("FAC"), Plaintiffs asserted Defendants' conduct violated several provisions of the FDCPA, namely §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1). (FAC ¶¶ 27-28.) Plaintiffs did not attach the collection letters, documents, or the underlying state court collection complaints to the FAC. Plaintiffs also filed a motion to certify that class, which remains pending before this court. (Pls.' Mot. Certify Class, ECF No. 31.)

In August 2016, Defendants sought to compel arbitration of Kaiser's FDCPA claims. The court stayed Kaiser's claims pending the arbitrator's decision as to whether Kaiser's FDCPA claim was subject to arbitration. (Defs.' Mot. Compel Arbitration, ECF No. 16; Op. & Order, ECF No. 85).

PAGE 3 - FINDINGS AND RECOMMENDATION

Meanwhile, Defendants moved to dismiss Loewen's claims asserting that she lacked standing under the FDCPA, and, because it is unclear whether a four-year or six-year statute of limitations applies to Loewen's underlying debt, Defendants' actions in attempting to collect were not prohibited by the FDCPA. (*See* Defs.' First Mot. to Dismiss, ECF No. 19.)

This court recommended that the motion be granted in part and denied in part. (F. & R., ECF No. 71.) This court concluded that Loewen had standing to bring her claims; that the four-year statute of limitations under Uniform Commercial Code ("UCC") Article 2, (codified at ORS § 72.7250) applied to the debt; that even if the six-year statute of limitations applied, failing to notify the consumer that the debt might be time-barred violated the FDCPA; and that plaintiff sufficiently pleaded FDCPA claims under §§ 1692e, 1692e(2), 1692e(10), and 1692f. (*Id.* at 13-17.)

The Honorable Michael W. Mosman adopted the first of those conclusions, agreeing that an Oregon court would hold that the four-year statute of limitations applies to an action to recover the deficiency on a retail installment contract after the security interest has been repossessed. (Op. & Order at 13, ECF No. 103.) Chief Judge Mosman also adopted the conclusion that the applicable statute of limitations was open to debate at the time the Defendants sent Plaintiffs' the allegedly misleading communications and filed actions in state court to obtain the deficiency. (*Id.*) However, the district court declined to adopt the finding that Loewen's allegations established a potential violation of the FDCPA. (Op. & Order at 14.) Rather, the district court concluded that the question required a more fact-specific inquiry, and that as pleaded, Loewen's allegations were insufficient to state a plausible claim of entitlement to relief under the FDCPA. (*Id.* at 14-15.) The district court determined that "whether a debt collector's attempts to collect a potentially time-barred debt violate the FDCPA" depends on "the factual particularities" of the specific case. Chief Judge Mosman's

PAGE 4 - FINDINGS AND RECOMMENDATION

Order explained:

> The Ninth Circuit has not addressed the contours of a debt collector's obligations under the FDCPA when attempting to collect an arguably or clearly time-barred debt. The Fifth Circuit summarized the conflict among the circuits as to whether a collection letter offering "settlement" of a time-barred debt can violate the FDCPA:
>
>> There is an apparent conflict in the circuits as to whether a collection letter offering 'settlement' of a time-barred debt can violate the FDCPA if the debt collector does not disclose the debt's unenforceability or expressly threaten litigation. The Third and Eighth Circuits have stated that in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid. On the other hand, the Sixth and Seventh Circuits have held that collection letters offering to settle time-barred debts without disclosing the status of the debt can be misleading and therefore violate the FDCPA even if they do not expressly threaten litigation.
>
> *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511-12 (5th Cir. 2016) (internal citations omitted). Although the issue the Fifth Circuit addressed in *Daugherty* does not appear to be exactly the same as the issues presented in this case, the discussion in *Daugherty* highlights the factual particularities necessary to conduct a legal analysis as to whether a debt collector's attempts to collect a potentially time-barred debt violate the FDCPA. The contents of the communications that Defendants sent to Loewen, therefore, are an indispensable part of the analysis.

(Op. & Order at 14-15 (some internal quotation marks and alterations omitted).)

Under that framework, Chief Judge Mosman held that the FAC's bare allegations about GAT's initial collection letter — which "demanded payment" and "implied that Cascade would file suit" — were insufficient to support any of the FDCPA claims. (*Id.* at 15.) And, because Defendants had a good faith argument that the debt was not time-barred when they sent the letter, they had "no affirmative obligation to inform Loewen that enforcement of the debt was time-barred." (*Id.* at 16.)

As to the subsequent collection lawsuit, Judge Mosman held that:

PAGE 5 - FINDINGS AND RECOMMENDATION

> [n]othing in the FDCPA precludes a debt collector from filing a lawsuit when it has a good-faith basis to believe that it is, in fact, entitled to the legal relief that it seeks. Where, as here, a debt collector's claim of entitlement to legal relief rests on an open question of state law, the filing of a lawsuit to obtain that relief does not by itself establish any plausible violation of the FDCPA.

(*Id.*)  Therefore, Loewen was granted leave to file an amended complaint "to remedy two pleading deficiencies":

> First, if Loewen intends to rely on an implied threat of litigation as a basis for her FDCPA claims, she must allege facts from which the Court can reasonably draw the inference that Defendants implied in their communications that they would file a lawsuit if Loewen did not pay the debt.  Second, Loewen must allege facts from which the Court can conclude Defendants misrepresented or did not disclose the potential that the legal enforcement of the debt may be time-barred.

(Op. & Order at 17.)

On May 11, 2018, Defendants moved for reconsideration of the Court's Opinion and Order concluding that the four-year statute of limitations (ORS 72.250) applies to an action to recover the deficiency on a retail installment contract after the security interest has been repossessed.  (Mt. Recons., ECF No. 109).  Alternatively, Defendants requested that the Court certify the statute of limitations question to the Oregon Supreme Court.  (*Id.*).  Chief Judge Mosman denied Defendants' Motion and certification request.  (Order, ECF No. 127.)

On April 27, 2018, Plaintiffs filed a Second Amended Complaint ("SAC").  (ECF No. 105.)  The SAC includes a few additional factual allegations in support of Plaintiffs' claims, and notably attaches the collection letters received by Kaiser and Loewen and the state court collection complaints.  (SAC, Exs. 1-4, ECF No. 105-1 to 105-3, ECF No. 136, Ex. 4).

On June 5, 2018, Defendants filed the current Motion to Dismiss contending the claims asserted in the SAC fail to state a claim pursuant to Rule 12(b)(6).  (Defs.' Mot. Dismiss at 2, ECF No. 117.)  After the Motion was filed, the arbitrator concluded Kaiser's claims are not subject to

PAGE 6 - FINDINGS AND RECOMMENDATION

arbitration, and Kaiser was reinstated as a plaintiff to this action. (ECF Nos. 128, 132.) On August

27, 2018, Defendants filed Supplemental briefing, incorporating the arguments asserted against

Loewen in the Motion also against Kaiser. (ECF No. 134.)

*Legal Standard*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss

a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss

"'based on the lack of cognizable legal theory or the absence of sufficient facts alleged'" under a

cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006,

1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007); *see also CallerID4u, Inc. v. MCI Commc'ns Servs. Inc.*, 880 F.3d 1048, 1061 (9th

Cir. 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 678 (9th Cir.

2017). The plausibility standard is not akin to a "probability requirement," but it asks for more than

a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a

plaintiff's complaint pleads facts that are "merely consistent with" a defendant's liability, the

plaintiff's complaint "stops short of the line between possibility and plausibility of 'entitlement to

relief.'" *Id.* at 557 (brackets omitted).

The court must accept as true the allegations in the complaint and construe them in favor of

the plaintiff. *Teixeira*, 873 F.3d at 678; *see also Iqbal*, 556 U.S. at 679; *Kwan v. SanMedica Int'l*,

854 F.3d 1088, 1096 (9th Cir. 2017).  The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also* FED. R. CIV. P. 8(a) (2).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (internal citations omitted); *Kwan*, 854 F.3d at 1096.  A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Twombly*, 550 U.S. at 557.  "In ruling on a 12(b)(6) motion, a court may generally 'consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'"  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (*per curiam*)).  In deciding a Rule 12(b)(6) motion, the court may also consider documents attached to the pleading without converting the motion into one for summary judgment.  *See* FED. R. CIV. P. 10(c); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## Discussion

"The FDCPA 'comprehensively regulates the conduct of debt collectors,' and 'is a strict liability statute.'"  *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014) (quoting *Gonzales v. Arrow Fin. Servs. LLC*, 660 F.3d 1055, 1060–61 (9th Cir. 2011)).  The FDCPA is a remedial statute and should be construed broadly to afford the most protection for consumers.  *Clark v. Capital Credit & Collection Servs. Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006).  Evaluating a debt collector's liability under §§ 1692e and 1692f requires an objective analysis "that takes into account whether the 'least sophisticated debtor would likely be misled by a communication.'"  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Donohue v. Quick*

PAGE 8 - FINDINGS AND RECOMMENDATION

*Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010)). "The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Tourgeman*, 755 F.3d at 1119 (internal quotations and citations omitted). "Most courts agree that although the least sophisticated debtor may be uninformed, naive, and gullible, nonetheless her interpretation of a collection notice cannot be bizarre or unreasonable." *Evon v. Law Offices Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012).

To state a claim for relief under the FDCPA, a plaintiff must allege: (1) that he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector; and (3) the defendant's conduct is prohibited by the FDCPA. *Robinson v. Managed Accts. Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009)*; Nguyen v. Madison Mgmt. Servs. LLC*, 3:16-cv-00263-BR, 2016 WL 4708535, *7 (D. Or. Sept. 7, 2016). In this case, Defendants do not dispute that they are debt collectors subject to the FDCPA and that they were attempting to collect on consumer debt. Defendants only contest that their conduct was prohibited by the FDCPA.

I.    Counts One and Two

In their first two grounds for relief under the FDCPA, Plaintiffs allege the following:

**COUNT ONE**
38.    Defendants collection letters alleged herein failed to notify plaintiff[s] that the debt was or may[ ]be barred by the applicable statue of limitations and threatened legal action which could not legally be taken, thereby violating 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

**COUNT TWO**
39.    The attempt to collect the debt by filing a time-barred lawsuit or filing a law suit on a debt that may be time barred without disclosing such a fact to the consumer is a violation of . . . 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

(SAC ¶¶ 38-39.)

PAGE 9 - FINDINGS AND RECOMMENDATION

Defendants argue that Count One fails to allege a claim for relief on two bases: (1) the FDCPA does not require debt collectors to inform debtors of possible affirmative defenses; and (2) the FDCPA does not prohibit debt collectors from communicating about litigation solely because the statute of limitations is an open question under state law. Defendants contend that Plaintiffs fail to allege that the UCC Article 2 four-year statute of limitations applies to the collection of her deficiency balance, and fail to allege facts showing that Defendants' conduct in sending the letters was unfair, misleading, abusive, harassing, or otherwise violate specific provisions of the FDCPA. (Defs.' Mot. Dismiss at 16.)

Similarly, Defendants argue that Count Two fails to state a cognizable claim because the court determined that where "the debt collector's claim of entitlement to relief rests on an open question of state law, the filing of a lawsuit to obtain that relief does not by itself establish any plausible violation of the FDCPA." (Op. & Order at 16.)

Plaintiffs respond that they have satisfied the pleading requirements under the FDCPA, the attachment of the collection letters and state court collection complaints cures the earlier deficiencies, and that Defendants' failure to inform them that legal enforcement of the debt was potentially time-barred plausibly establishes an FDCPA violation.

Defendants' briefing concerning Counts One and Two largely reiterates their prior arguments asserted against the First Amended Complaint. The court declines to revisit this court's prior legal rulings. Therefore, with respect to Counts One and Two, the court examines whether, as currently pleaded, Plaintiffs have stated claims for relief under the FDCPA and whether Plaintiffs have cured the deficiencies identified in the earlier Opinion and Order.

Inclusion of the letters with the SAC, cures the first pleading defect identified in the Opinion

PAGE 10 - FINDINGS AND RECOMMENDATION

and Order.   The Loewen collection letter is written on GAT law-firm letterhead and states, in

relevant part:

> [GAT] has been retained with the authority to file a lawsuit against you for a debt
> owed by you to Cascade . . . , purchaser of your . . . debt.   At this time, no attorney
> has personally reviewed the particular circumstances of your account.
>
> Demand is hereby made upon you for payment in the sum of $3325.16, which is the
> amount due on your original obligation . . . . No interest will accrue on this amount
> unless and until so ordered by a court or competent jurisdiction.
>
> Unless you notify this office within thirty days after receiving this notice that you
> dispute the validity of the debt . . . , this office will assume this debt is valid. If you
> do notify this office within thirty days . . . this office will obtain verification of the
> debt or obtain a copy of a judgment and mail you a copy of such judgment or
> verification. . . .
>
> This communication is from a debt collector. This is an attempt to collect a debt, and
> any information obtained will be used for that purpose.
>
> Sincerely,
> Gordon, Aylworth & Tami, P.C.

(Loewen Letter, ECF No. 105–1.)   The collection letter sent by GAT to Kaiser contains nearly

identical language, with the exception of the amount owed ($5,704.40).   (Kaiser Letter, SAC Ex.

4, ECF No. 136.)   Both letters explain that the communications are from a debt collector and "is an

attempt to collect a debt."   The court observes that neither letter contains an offer of "settlement" or

invites partial payment of the debts.

Critically, the letters support a reasonable inference that Defendants would file a lawsuit if

Loewen did not pay the debt.   The letters begin by clearly stating GAT has "the authority to file a

lawsuit against you for a debt owed by you to Cascade."   The letters "demand" payment and caution

that interest will not accrue "unless and until so ordered by a court of competent jurisdiction."

Though none of these factors alone expressly threatens litigation, taken as a whole, the letters

PAGE 11 - FINDINGS AND RECOMMENDATION

establish a clear ultimatum that could lead a least sophisticated debtor to believe she would be sued

if she did not pay the debt.  Therefore, the court readily concludes that Plaintiffs have alleged

sufficient facts from which the court can reasonably infer that the Loewen and Kaiser letters

threatened litigation if Plaintiffs did not pay the debts.[2]

Additionally, the court concludes that Plaintiffs have cured the second pleading deficiency

identified in the Opinion and Order.  Examining the letters, the court finds that Defendants

misrepresented the potential that enforcement of the debt may have been time-barred.  There is no

information in the letters setting forth when the original obligations were incurred or that

enforcement of the debts may be prohibited.  Instead, the letters suggested the claims were "valid,"

yet Defendants did not know whether the debts were enforceable because no lawyer had reviewed

them.  Consequently, the SAC contains facts from which the court reasonably can conclude

Defendants representations were misleading to a least sophisticated debtor about the enforceability

of the debts.  Thus, the court turns to the whether Plaintiffs have plausibly pleaded a claim for relief

under §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

A.    *§ 1692d*

Plaintiffs fail to state a plausible claim for relief under § 1692d.  Section 1692d prohibits

debt collectors from "engag[ing] in any conduct, the natural consequence of which is to harass,

oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d; *Fox*

---

[2] In the SAC, Loewen continues to allege that sometime after she received the collection letter, GAT sent her a "packet of papers" and that those papers made her "believe that defendants were more intent on filing a lawsuit against her to collect the debt identified in their original communication." (SAC ¶ 21). None of the packet of papers is provided for the court's review.  The allegations related to the "packet of papers" alone fail to support a plausible inference that Defendants implied they would file a lawsuit if Loewen did not pay the debt.  Regardless, as discussed above, the collection letters do support a reasonable inference of threatened litigation.

*v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994) (finding debt collector's repeated phone calls, demands for overnight payments, and threats of garnishment state could be harassing under § 1692d). Section 1692d contains a nonexhaustive list of specific conduct which constitutes a violation of the section, such as the "use or threat of use of violence or other criminal means to harm the physical person, reputation, or property," § 1692d(1), or the "use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader" § 1692d(2).

The SAC, like the FAC, is devoid of any details that might suggest harassing, oppressive, abusive, or predatory conduct by Defendants. Even construing the SAC liberally, the statements that Loewen suffered anxiety, "difficulty sleeping and feeling upset," (SAC ¶¶ 21, 25), are insufficient to state a claim for entitlement to relief under § 1692d. *Compare Skinner v. Green Tree Servicing LLC*, Case No. 3:12-cv-03834-JCS, 2012 WL 6554530, at *7 (N.D. Cal. Dec. 14, 2012) (finding repeated phone calls threatening and insulting debtor and threatening to garnish wages stated claim under § 1692d), *and Shapiro v. Prof'l Collection Consultants*, No. CV 11-03347 ODW (JCx), 2011 WL 4500114, at *2 (C.D. Cal. Sept. 28, 2011) (finding allegations that debt collector called debtor a "disappointment," threatened to take her for all she was worth, close her bank account and hide her car stated claim under § 1692d), *with Houston v. Elan Fin. Servs.*, 135 F. Supp. 3d 1375, 1382 (S.D. Ga. 2015) (finding allegation that plaintiff suffered "mental anguish, anxiety, grief, shock, humiliation, and mental suffering," did not state claim under § 1692d). Likewise, Kaiser's allegations that Defendants collection attempts caused him anxiety and stress, and family "hardship" fall far short of the type of conduct § 1692d is aimed at preventing. (SAC ¶ 32.) Accordingly, Plaintiffs' claims in Counts One and Two pursuant to 15 U.S.C. § 1692d, should be dismissed.

PAGE 13 - FINDINGS AND RECOMMENDATION

B.    *§§ 1692e, 1692e(2), 1692e(10), 1692f*

In Counts One and Two, Plaintiffs allege that the letters and the state collection lawsuits

violate §§ 1692e, 1692e(2), 1692e(10), and 1692f, which focus on misleading, deceptive, or unfair

debt collection efforts. (SAC ¶¶ 21–25, 38, 39.) Section 1692e prohibits debt collectors from using

"any false, deceptive, or misleading representation or means in connection with the collection of any

debt." 15 U.S.C. § 1692e; *Afewerki v. Anaya Law Group*, 868 F.3d 771, 774-75 (9th Cir. 2017).

Section 1692e(2) specifically prohibits debt collectors from falsely representing the "character,

amount or legal status" of any debt. 15 U.S.C. § 1692e(2)(A); *Afewerki*, 868 F.3d at 775. Section

1692e(10) has been termed a "catch-all" provision and forbids "[t]he use of any false representation

or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10); *Gonzales,* 660

F.3d at 1062. Section 1692e(10) can be violated "in any number of novel ways," the key inquiry is

the misleading or deceptive nature of the representation or means at issue. *Id.* at 1062-63. The

related § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or

attempt to collect any debt." 15 U.S.C. § 1692f.

Now, with the aid of the letters and complaints, it is clear that Defendants at least implicitly

threatened to sue when it sent the collection letters to Plaintiffs. As the Opinion and Order observed,

the Ninth Circuit has not addressed a debt collector's obligations under the FDCPA when attempting

to collect an arguably, or even clearly, time-barred debt. (Op. & Order at 14.) Other courts have

determined that the whether an FDCPA violation occurred turned on whether litigation was

threatened. *See Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) (holding

that no FDCPA violation occurs in the absence of threat of litigation or actual litigation, if debt

collector attempts to collect on a potentially time-barred debt); *Beattie v. D.M. Collections, Inc.*, 754

PAGE 14 - FINDINGS AND RECOMMENDATION

F.Supp. 383, 393 (D.Del.1991) (threat of lawsuit which debt collector knows or should know is time-barred is violation of FDCPA); *Parkis v. Arrow Fin. Servs., LLS*, No. 07 C 410, 2008 WL 94798, at *7-8 (N.D. Ill. Jan. 8, 2008) (recognizing that suing on time-barred debts in state court may violate FDCPA).

The court finds that sending the collection letters and asserting the claim is valid and implicitly threatening to sue, where Defendants did not know whether the debts were enforceable because no lawyer had reviewed them represents the type of deceptive and misleading means these provisions contemplate. *See Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 429-30 (3d Cir. 2018) (finding offer of settlement could mislead least sophisticated debtor into believing time-barred debt was enforceable); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 510, 513 (5th Cir. 2016) (holding debt collector that sent offer to settle a potentially time-barred debt without disclosing that potential bar, had violated specifically §§ 1692e and 1692f); *Buchanon v. Northland Group, Inc.*, 776 F.3d 393, 398-99 (6th Cir. 2015) (finding similar conduct violated § 1692e(2)(A), specifically); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (same); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987) (holding debt collector's failure to disclose that debt sought might be time-barred violated §§ 1692e, 1692e(2)(A), 1692e(10) and 1692f); *cf. Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (explaining debt collector's filing of a time-barred lawsuit to recover a debt violates §§ 1692e and 1692f); *McCollough v. Johnson, Rodenburg & Lauinger*, LLC, 637 F.3d 939, 947-49 (9th Cir. 2011) (debt collector's failure to inform consumer that any requests for admission not disputed would be deemed admitted was "unfair or unconscionable" under § 1692f).

By asserting in the letters the claims were assumed valid, but a lawyer had not yet reviewed

PAGE 15 - FINDINGS AND RECOMMENDATION

their legal enforceability, a least sophisticated debtor could be misled into thinking that the debt's legal status was not in question. *McMahon*, 744 F.3d at 1020 (holding that "if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable . . . the collector has violated the FDCPA."). Moreover, when combined with the threat of a lawsuit to collect on the debt, especially when the enforceability of the debt was potentially at issue, is unfair or misleading to the least sophisticated debtor. Therefore, the court finds that Plaintiffs allege sufficient facts in Count One to state a plausible claim for relief under §§ 1692e, 1692e(2), 1692e(10), and 1692f.

However, Count Two as pleaded fails to state a plausible claim for relief. Plaintiffs have not shown that the state court collection lawsuits could have misled a hypothetical least sophisticated debtor. In the SAC, the only false, deceptive, or misleading representations alleged by Plaintiffs in the collection lawsuits are their legal enforceability, that is, whether they are time-barred. If the debts were time-barred, Plaintiffs' allegations would state a claim for relief under FDCPA. *See Pantoja v. Portfolio Recovery Assocs.*, LLC, 852 F.3d 679, 683 (7th Cir. 2017) (holding it is well-settled that "a debt collector violates the Act by suing to collect a consumer debt after the statute of limitations has run and bars the suit" and collecting cases); *cf. Stimpson v. Midland Credit Mgmt.*, ___ F. Supp. 3d ___, 2018 WL 4643110, at *7-9 (D. Id. Sept. 27, 2018), *appeal filed* (9th Cir. Oct. 10, 2018) (holding dunning letter that explicitly stated it would not sue due to age of debt, and there was no legal risk of revival did not violate FDCPA). Yet in this case, the debts were only arguably time-barred. As stated in the Opinion and Order, where "a debt collector's claim of entitlement to legal relief rests on an open question of state law, the filing of a lawsuit does not by itself establish an plausible violation of the FDCPA." (Op. & Order at 16.) Thus, the court concludes as alleged

PAGE 16 - FINDINGS AND RECOMMENDATION

by Plaintiffs, Count Two fails to plausibly state a claim for relief under §§ 1692e and 1692f.

     *C.*     *§ 1692e(5)*

Plaintiffs allege that Defendants also violated § 1692e(5), which forbids "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5)*; Gonzales,* 660 F.3d at 1064. Importantly, § 1692e(5) does not prohibit the actual taking of an illegal action, only the threat of doing so. *Vanhuss v. Kohn Law Firm S. C.*, 127 F. Supp. 3d 980, 987-88 (W.D. Wis. 2015) (summarizing case law on the issue and concluding "§ 1692e(5) [does not] apply to actions actually taken").

The court finds Plaintiffs fail to state a claim under § 1692e(5). Although the SAC asserts allegations related to the illegality of the collection lawsuits and supposed misrepresentations contained in the state court complaints, § 1692e(5) does not govern that conduct.

Rather, based on the allegations in the SAC, § 1692e(5) only applies to the implicit threat contained in the Loewen and Kaiser collection letters. However, threatening to file the collection actions is insufficient to support a violation under § 1692e(5)'s first prohibition — actions that cannot legally be taken — because at the time of the threat, whether the debt was time-barred remained an open question of law. Defendants are not precluded from filing a lawsuit where the question is one unresolved by the courts. (Op. & Order at 16.) Additionally, the letters do not violate the second prohibition — against threats of actions not intended to be taken — because Defendants actually filed the collection lawsuits. *See also Velazquez v. Arrow Fin. Servs. LLC*, No. 08-CV-1915 H(NLS), 2009 WL 2780372, at *3 (S.D. Cal. Aug. 31, 2009) (finding bare allegations that debt collector filed collection suit which it later dismissed failed to state claim under § 1692e(5)). Therefore, Plaintiffs have failed to allege facts sufficient to form a plausible claim for

relief under § 1692e(5).

    4.     *§ 1692f(1)*

Finally, Plaintiffs claim that Defendants violated § 1692f(1), which prohibits the unfair or unconscionable means to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Section 1692f(1) is aimed not at the legal status of the debt, but rather the amount of the debt. *Akram v. California Bus. Bureau, Inc.*, Civ. No. 15cv2538 JAH-DHB, 2016 WL 7029262, at*4 (S.D. Cal. Oct. 3, 016) (dismissing § 1692f(1) claim where plaintiff failed to allege how defendant's attempt to collect interest was greater than authorized).

In the SAC, Plaintiffs do not allege that the amounts sought by Defendants were unauthorized by the retail installment contracts from which the debts arose. Plaintiffs allege no facts asserting that the amount of the underlying principal debt is unpermitted by law. Although the lawsuits to collect the debts were potentially time-barred, that fact only limits Defendants' ability to seek judicial enforcement, not their amount. Thus, Plaintiffs fail to allege sufficient facts to form a plausible claim for relief under § 1692f(1). *Akram*, 2016 WL 7029262 at *4.

II.    Count Three

In the SAC, Plaintiffs have added a third FDCPA count in which they allege that Defendants' filed "time-barred lawsuits under the pretext of acting in good faith," which were later dismissed. Count Three provides:

**COUNT THREE**
40.    Defendants act of filing time-barred lawsuits under the pretext of acting in good faith and with the belief that the applicable statue of limitations is an open

PAGE 18 - FINDINGS AND RECOMMENDATION

> question of law, without disclosing to the consumer in any communication that the
> area of law is unsettled, but then dismissing the collection lawsuits when the issue
> raised by a collection defendant, is deceptive and constitutes a threat to take an action
> that Defendants did not intend to take and [violates] . . . 15 U.S.C. §§ 1692d, 1692e,
> 1692e(5), 1692e(10), 1692f, and 1692f(1).

(SAC ¶ 38-40.)

Defendants move to dismiss Count Three for two reasons: (1) it is barred by the statute of

limitations and does not relate back to the earlier complaint; and (2) even if it is timely, Count Three

should be dismissed under Rule 12(b)(6) because it does not allege Defendants filed the collection

suit without the intent to pursue it to completion, and thus fails to allege any facts that are deceptive.

(Defs.' Mot. Dismiss at 18-19.)

Plaintiffs argue that Count Three is not untimely because it relates back to their original

complaint.  Plaintiffs also contend that by filing lawsuits which Defendants knew or should have

known were time-barred, then later dismissing them "was deceptive and constitutes a threat to take

an action" they never intended to take, violating §§ 1692d, 1692e, 1692e(5), 1692e(10), 1692f, and

1692f(1).  (SAC ¶ 40.)

A.      *Count Three Is Timely But Improper*

The new count is not time-barred because it relates back to the claims asserted in the initial

complaint.  An amendment relates back to the date of the original pleading when it "asserts a claim

. . . that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out —

in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Here, Plaintiffs bolster the new count with

additional allegations that Defendants should have known the four-year statute of limitations applied

prior to filing suit, yet at bottom, the new count merely reasserts existing factual allegations to form

a new legal theory.  Therefore, because the new count arises out of the same conduct alleged in the

PAGE 19 - FINDINGS AND RECOMMENDATION

initial complaint, it borrows the filing date of that original pleading.

However, the new count is procedurally improper because it was filed without leave of the court. The Opinion and Order granted Loewen leave to amend the FAC only to remedy the two pleading deficiencies outlined therein. (Op. & Order at 17.) Under Rule 15(a)(2), Plaintiffs were permitted to amend her FAC only under the court's leave. Because the new legal theory in Count Three is outside the scope of the leave granted, it should be either stricken or dismissed. *See Benton v. Baker Hughes*, No. CV 12-07735 MMM MRWX, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013), *aff'd sub nom., Benton v. Hughes*, 623 F. App'x 888 (9th Cir. 2015) (striking new claims asserted in an amended complaint after plaintiff had been granted "leave to amend only to address the deficiencies in his existing claims"); *Crane v. Yarborough*, No. CV 05–8534 DSF(JC), 2012 WL 1067965, *13 n.14 (C.D. Cal. Feb. 6, 2012) ("it would be appropriate to strike plaintiff's First Amendment retaliation claim because the addition of such claim which has been raised for the first time in the Second Amended Complaint exceeds the scope of the leave to amend granted"); *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken.").

B.      *Dismissal Appropriate*

Even if Count Three was properly before the court, dismissal is appropriate. In Count Three, Plaintiffs assert that filing the state court collection lawsuit was pretextual because Defendants did not intend to prosecute the cases to completion. It appears that Plaintiffs are referring solely to Loewen's state court collection action in Count Three because Kaiser's state court collection action

PAGE 20 - FINDINGS AND RECOMMENDATION

was pursued to completion.  Plaintiffs fail to allege facts that plausibly assert an FDCPA violation under §§ 1692d, 1692e, 1692e(5), 1692e(10), 1692f, or 1692f(1).

As stated above, filing a debt collection lawsuit, by itself, is not a violation of the FDCPA. *See Boon v. Prof'l Collection Consultants*, 978 F. Supp. 2d 1163, 1166 (S.D. Cal. 2014) (collecting cases).  "Furthermore, a litigant has a legal right to voluntarily dismiss a debt collection action, and such a dismissal does not constitute an FDCPA violation." *Id.*; *Odish v. CACH, LLC*, No. 12-cv-1710 AJB (DHB), 2012 WL 5382260, at *7 (S.D. Cal. Nov. 1, 2012); *Velazquez*, 2009 WL 2780372, at *3 (explaining that electing to dismiss a claim without prejudice does not amount to an FDCPA violation).  Thus, simply filing the state court collection action and its later dismissal are not violations under the FDCPA.

Plaintiffs appear to suggest that by filing the lawsuit under the guise that the statute of limitations was an open question is pretextual because the suit against Loewen was later dismissed. Plaintiffs' conclusory allegations fail to set forth a claim under any provision of the FDCPA.  Aside from Loewen's dismissed collection action, Plaintiffs fail to allege any facts to support the conclusion that Defendants did not intend to pursue their collection action.  To be sure, the facts as alleged in the SAC undermine Plaintiffs' assertions.  Defendants pursued the state court collection action against Kaiser, but ultimately lost in March 2016.  (SAC ¶¶ 20-30.)  Defendants voluntarily dismissed the state collection lawsuit against Loewen in February 2016, after receiving briefing on the statute of limitations issue asserted in the Kaiser collection action in January 2016.  (SAC ¶ 24, 29.)  Thus, there are no facts alleged from which the court can infer that at the time the collection action against Loewen was filed that Defendants did not intend to pursue it.  There are myriad reasons a litigant may choose to dismiss its suit.  And, simply dismissing a collection lawsuit fails

PAGE 21 - FINDINGS AND RECOMMENDATION

to state claim for relief under the FDCPA. As alleged, Plaintiffs have failed to set forth facts that Defendants threatened to take an action it did not intend to take in order to state a plausible claim of relief under §§ 1692e, 1692e(5), and 1692e(10). *Odish*, 2012 WL 5382260, at *7 (holding plaintiffs failed to state a claim under §§ 1692e, 1692e(5), 1692e(10), 1692f where state court action dismissed with prejudice).

Likewise, Plaintiffs offer no factual support for their contention that Defendants' collection lawsuit against Loewen was unfair or unconscionable under § 1692f, and they do not challenge the amount owed in Loewen's lawsuit under § 1692f(1). Additionally, Plaintiffs offer no factual support for their contention that the collection lawsuit against Loewen was simply pretextual and intended to harass her under § 1692d. Plaintiffs bald, conclusory allegations with respect to Count Three fail to state a claim for the type abusive, oppressive, or harassing conduct proscribed under § 1692d.

In short, Defendants' Motion to Dismiss Count Three in its entirety should be granted.

*CONCLUSION*

For the reasons set forth above, Defendants Motion to Dismiss the SAC (ECF No. 117) should be GRANTED IN PART, and DENIED IN PART. The Motion should be granted on Count One to the extent that count assert violations of §§ 1692d, 1692e(5), and 1692f, and granted as to Counts Two and Three in their entirety. The Motion should be denied on all other grounds.

PAGE 22 - FINDINGS AND RECOMMENDATION

*SCHEDULING ORDER*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due within fourteen (14) days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 5th of December, 2018.

JOHN V. ACOSTA
United States Magistrate Judge

PAGE 23 - FINDINGS AND RECOMMENDATION