IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL KAISER and MARGARET J. LOEWEN, on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

CASCADE CAPITAL LLC, and GORDON AYLWORTH & TAMI P.C.,

    Defendants.

No. 3:16-cv-00744-AC

OPINION AND ORDER

MOSMAN, J.,

On December 5, 2018, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [142], recommending that Defendants' Motion to Dismiss [117] should be GRANTED IN PART and DENIED IN PART. Both parties filed Objections to the F&R [144, 145], and both parties filed Responses to Objections [148, 149]. For the following reasons, I ADOPT in part and DECLINE TO ADOPT in part Judge Acosta's F&R [142]. I GRANT Defendants' Motion to Dismiss [117] in its entirety and dismiss all of Plaintiffs' claims against Defendants with prejudice.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge,

1 – OPINION AND ORDER

but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Plaintiffs made no objections that were not carefully considered by Judge Acosta. Therefore, I adopt his F&R regarding Plaintiffs' objections completely. Defendants objected to Judge Acosta's finding that Plaintiffs alleged facts sufficient to state a plausible claim for relief in Count One. Specifically, Defendants disagreed with Judge Acosta's holding that the language used in the collection letters asserted that the claim was valid and that the debt's legal status was not in question. In their objections, Defendants cited a number of authorities which had not been previously presented to Judge Acosta. Those authorities persuade me that the language in the collection letters was intended to be a *Greco* warning, and therefore is not deceptive.

First, the language in the letters does not support the proposition that Defendants asserted that they assumed the claims were valid. The letters state that "[u]nless you notify this office within thirty days after receiving this notice that you dispute the validity of the debt . . . this office will assume this debt is valid." F&R [142] at 11 (quoting Lowen Letter [105-1]). Someone cannot be found to be assuming X if they say they will not assume X until Y happens.

Second, as Defendants make clear in their Objections briefing, the *Greco* language regarding review of the specific circumstances of the case by an attorney is widely accepted and often required to be included in letters to debtors.

## CONCLUSION

For these reasons, I ADOPT the F&R [142] in part and DECLINE TO ADOPT in part as my own opinion. Defendants' Motion to Dismiss [117] is GRANTED in its entirety and Plaintiffs' claims against Defendants are dismissed with prejudice.

IT IS SO ORDERED.

DATED this 4th day of Feburary, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge